Filed 12/3/24  P. v. White CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C100377 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FE-2023-0009644) |
| v. | |
| ALONZO TARRENCE WHITE, JR., | |
| Defendant and Appellant. | |

Defendant Alonzo Tarrence White, Jr., appeals after the trial court found him incompetent to stand trial and committed him to the State Department of State Hospitals (Department).  His appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are arguable issues on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  More than 30 days have elapsed, and defendant has not filed a supplemental brief.

1

Although this is not defendant's first appeal as of right, we exercise our discretion to independently review the record, following *Wende*. Finding no arguable errors that would result in a disposition more favorable to defendant, we affirm the trial court's order.

## FACTUAL AND PROCEDURAL HISTORY

The People charged defendant with sodomy by force, alleging he had committed the crime against multiple victims and against a particularly vulnerable victim. Defendant's trial counsel informed the court that defendant had previously been found incompetent to stand trial and asked the court to find him incompetent in the sodomy case as well. The trial court found defendant incompetent to stand trial.

Defendant argued he could not be committed to the Department under Penal Code section 1370[1] on the sodomy charge because he had reached the statutory time limit on a prior commitment for a different offense committed seven years earlier. The trial court rejected these arguments and committed defendant to the Department.

Defendant filed a notice of appeal after the commitment hearing, but two days before the trial court issued a written commitment order, as required by section 1370, subdivision (a)(3)(A)(i). We exercise our discretion pursuant to rule 8.308(c) of the California Rules of Court to treat the notice as filed immediately after the filing of the commitment order.

## DISCUSSION

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*People v. Delgadillo* (2022) 14 Cal.5th 216, 221.) The *Wende* procedure applies "to the first appeal as of right

---

[1] Undesignated statutory references are to the Penal Code.

and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid.*)

In *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, our Supreme Court held that neither the federal nor California constitutions require *Wende* procedures in an appeal from the imposition of a conservatorship and subsequent confinement in a locked treatment facility, pursuant to Welfare and Institutions Code section 5000 et seq. (*Ben C.*, at pp. 535-536.) The *Ben C.* court permitted appellate courts to dismiss such appeals as abandoned when: (1) appointed counsel files a brief setting out the applicable facts and the law and informing the court that counsel found no arguable issues; (2) appointed counsel informs the conservatee of the right to file a supplemental brief; and (3) the conservatee does not file a supplemental brief. (*Id.* at p. 544 & fns. 6, 8.) The court noted that the appellate court could opt to retain the appeal. (*Id.*, fn. 7.)

In *People v. Blanchard* (2019) 43 Cal.App.5th 1020, the First District Court of Appeal concluded that commitment of a criminal defendant found incompetent to stand trial was sufficiently analogous to the conservatorship appealed from in *Ben C.* that *Wende* procedures also did not apply to appeals from such commitments. (*Id.* at pp. 1024-1026.) After the defendant's counsel filed a no-issues brief and advised the defendant of his right to file a supplemental brief and the defendant declined to file one, the *Blanchard* court dismissed the appeal. (*Id.* at pp. 1025-1026.)

Since these cases were decided, our Supreme Court issued its opinion in *People v. Delgadillo*, *supra*, 14 Cal.5th 216, which held *Wende* procedures inapplicable on appeal from a postjudgment resentencing petition. (*Id.* at p. 228.) But the *Delgadillo* court expressed concern about defendants who received notice that mentioned *Wende*, which could lead them to reasonably expect *Wende* procedures to apply, even absent a supplemental brief. (*Id.* at pp. 232-233.) In such cases, where the defendant was not sufficiently warned that the appellate court could dismiss the appeal if the defendant declined to file a supplemental brief, the *Delgadillo* court suggested the appellate court

3

could either provide sufficient notice or instead opt to conduct an independent review, following *Wende*.  (*Id.* at p. 233 & fn. 6.)

In this case, appointed counsel referenced *Wende* in the opening brief, and does not appear to have informed defendant that his appeal could be dismissed if he declines to file a supplemental brief.  Accordingly, we have exercised our discretion to conduct an independent review of the record in accordance with *Wende*.  Having done so, we find no arguable errors that are favorable to defendant and thus affirm.

## DISPOSITION

The orders finding defendant incompetent to stand trial and committing defendant to the Department of State Hospitals are affirmed.



                                                     \_\_\_\_\_/s/_____
                                                Duarte, Acting P. J.

We concur:

\_\_\_\_\_/s/_____
Boulware Eurie, J.

\_\_\_\_\_/s/_____
Feinberg, J.

4